**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL ULLOA,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. CV 10-9867 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**INTRODUCTION AND SUMMARY**

On December 22, 2010, plaintiff Paul Ulloa ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant"), the Commissioner of the Social Security Administration, seeking review of a denial of disability insurance benefits ("DIB"). [Docket No. 1.]

On July 8, 2011, Defendant filed his answer, along with a certified copy of the administrative record. [Docket Nos. 9-12.]

In sum, having carefully studied, *inter alia*, the parties' joint stipulation and the administrative record, the Court concludes that, as detailed below, the Administrative Law Judge ("ALJ") improperly evaluated the medical evidence. The

Court thus remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.
## PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was 56 years old on the date of his administrative hearing, has completed one year of college. (*See* Administrative Record ("AR") at 20, 25, 97, 107.)

On February 24, 2006, Plaintiff filed for DIB, alleging that he has been disabled since July 1, 1994 due to a back injury, anxiety, groin pain, hepatitis C, and lymphoma. (*See* AR at 67, 74, 87, 97, 101.)

On March 27, 2008, Plaintiff, represented by counsel, appeared and testified at a hearing before an ALJ. (*See* AR at 20-55.) Subsequently, the ALJ submitted interrogatories to Harvey Alpern, M.D., a medical expert ("ME"). (*See id.* at 182, 575-582.)

On July 24, 2008, the ALJ denied Plaintiff's request for benefits. (AR at 615-23.) Applying the familiar five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff has not engaged in substantial gainful activity since his alleged onset date through his date of last insured of September 30, 1999. (*Id.* at 618.)

At step two, the ALJ found that Plaintiff suffers from severe impairments consisting of "chronic pain syndrome, including inguinal post-operative pain ("neuropathy"), low back pain, and hemorrhoids, with Vicodin use; granulomatous liver and lymph node disease of unknown etiology; and hepatitis C." (AR at 618 (emphasis omitted).)

At step three, the ALJ determined that the evidence did not demonstrate that Plaintiff's impairments, either individually or in combination, meet or medically

equaled the severity of any listing set forth in the Social Security regulations.[1/] (AR at 619.)

The ALJ then assessed Plaintiff's residual functional capacity[2/] ("RFC") and determined that he could perform light work "except that he could occasionally climb, balance, stoop, kneel, crouch, and crawl." (AR at 620 (emphasis omitted).)

The ALJ found, at step four, that Plaintiff retained the ability to perform his past relevant work as a typewriter servicer. (AR at 622.) Thus, the ALJ concluded that Plaintiff was not suffering from a disability as defined by the Act. (*Id.* at 616, 623.)

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. (AR at 7-11, 83.) The ALJ's decision stands as the final decision of the Commissioner.

## III.

## **STANDARD OF REVIEW**

This Court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as amended* Dec. 21, 2001). If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits.

---

[1/] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[2/] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

1 *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.
## ISSUES PRESENTED

Four disputed issues are presented for decision here:

1. whether the ALJ erred in his step-two evaluation, (*see* Joint Stip. at 4-6, 8-9);

2. whether Plaintiff's impairments met or equaled a listing, (*id.* at 9-10, 14-15);

3. whether the ALJ properly evaluated the medical evidence, (*id.* at 16-19, 23); and

4. whether the ALJ properly evaluated Plaintiff's credibility. (*Id.* at 23-25, 28.)

Under the circumstances here, the Court finds the issue of the ALJ's evaluation of the medical evidence to be dispositive of this matter, and does not

reach the remaining issues.

## V.

## **DISCUSSION AND ANALYSIS**

A. <u>Evaluation of the Medical Evidence</u>

Plaintiff argues that the ALJ improperly "based his RFC assessment on the ME's opinion" and improperly weighed the medical evidence. (Joint Stip. at 16-17.)

        1.     <u>Standard</u>

In evaluating medical opinions, Ninth Circuit case law and Social Security regulations distinguish among the opinions of three types of physicians:

(1) those who treat the claimant (treating physicians);

(2) those who examine but do not treat the claimant (examining physicians); and

(3) those who neither examine nor treat the claimant (non-examining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995, *as amended* April 9, 1996); *see also* 20 C.F.R. §§ 404.1527(d) & 416.927(d) (prescribing the respective weight to be given the opinion of treating sources and examining sources).

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester*, 81 F.3d at 830; *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

Where the treating physician's "opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Benton*, 331 F.3d at 1036; *see also Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("While the ALJ may disregard the opinion of a treating physician, whether or not controverted, the ALJ may reject an *uncontroverted* opinion of a treating physician only for clear

1 and convincing reasons.") (italics in original).

2     "Even if the treating doctor's opinion is contradicted by another doctor, the
3 [ALJ] may not reject this opinion without providing specific and legitimate reasons
4 supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal
5 quotation marks and citation omitted); *accord Reddick*, 157 F.3d at 725.

6     The ALJ can meet the requisite specific and legitimate standard "by setting
7 out a detailed and thorough summary of the facts and conflicting clinical evidence,
8 stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881
9 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

10         2.    <u>The ALJ Improperly Adopted the ME's Opinion</u>

11     Having carefully reviewed the record and the joint stipulation, the Court is
12 persuaded that the ALJ's evaluation of the medical evidence is not legally sufficient
13 and/or supported by substantial evidence. Two reasons guide this determination.

14     First, in formulating Plaintiff's RFC, the ALJ adopted the opinion of the non-
15 examining and non-treating ME. (AR at 620 ("I base my [RFC] assessment on the
16 opinion of the medical expert, Dr. Alpern[.]").) While the ALJ indicated that the
17 ME's opinion is "consistent for the most part with the opinion of [Plaintiff's]
18 treating physician [Jesus Arenas, M.D. ("Dr. Arenas")] on May 3, 1994," (*id.*), the
19 ALJ also indicated he "doubt[ed]" Dr. Arenas' opinion and rejected it as
20 "inconsistent." (*Id.* at 621.) Given the ALJ's assessment of Dr. Arenas' opinion, the
21 ALJ illogically concluded that Dr. Arenas' unsupported opinion on May 3, 1994
22 should be entitled to greater weight. (*See id.* at 356 (attending physician's statement,
23 dated May 3, 1994, indicating Plaintiff is "unable to do heavy or moderately heavy
24 lifting").) Nor does the ALJ adequately explain why Dr. Arenas' opinion on one
25 specific occasion should be adopted in support of the ME's opinion. (*See generally
26 id.* at 620-21.) Accordingly, Court finds the ALJ's evaluation of Dr. Arenas'
27 opinion is not supported by substantial evidence.

28     Further, the ME's opinion standing alone, does not constitute "substantial"

evidence here.[3/] *Erickson v. Shalala*, 9 F.3d 813, 818 n. 7 (9th Cir. 1993) ("the non-examining physicians' conclusion, *with nothing more*, does not constitute substantial evidence[]") (internal quotation marks, brackets and citation omitted) (italics in original).

Second, assuming *arguendo* the ME's opinion was legally sufficient to constitute substantial evidence, here, the ME's opinion is replete with errors. While the ALJ stated that the ME "gave a thorough explanation of his assessment," (AR at 620), a review of the ME's responses to the interrogatories demonstrates that he incorrectly interpreted questions, provided unclear explanations, responded with short and cursory answers, and left some questions blank. (*See id.* at 575-82.) For instance, question number 23 asked: "Might any of [Plaintiff's] impairments improve or worsen in the future? If so, which condition in what time period and to what degree will there be improvement or worsening?" (*Id.* at 579.) The ME responded simply with "likely." (*Id.*) The Court is unable to decipher whether the ME's response "likely" was in regards to possible improvement or worsening of Plaintiff's impairments, which impairments the ME is referring to, during what time period the improvement or worsening would occur, and the degree of the improvement or worsening opined by the ME.

---

[3/] The Court notes that the ALJ rejected the opinion of Plaintiff's treating physician Hemant D. Patel, M.D. ("Dr. Patel") because his opinion "does not cover a twelve month period of time[.]" (AR at 621.) However, Dr. Patel submitted treatment records spanning a period from 1994 through 1997, (*see id.* at 192-224), and indicated that Plaintiff "is a well known patient of mine." (*Id.* at 507.) While the Court finds Dr. Patel's notes mostly illegible, to the extent the ALJ found Dr. Patel's records ambiguous, the ALJ should have developed the record to clarify the ambiguity. (*Id.* (letter, dated February 26, 1997, from Dr. Patel stating, "[i]f you have any questions regarding my patient please feel free to contact the office")); *see Mayes*, 276 F.3d at 459-60 (duty to develop record is triggered "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence[]").

7

It does not end there. In responding to question 12, which states, "[f]or the period at issue, which physician(s) or psychologist(s) had a significant continuing relationship, as opposed to only examining relationship, with [Plaintiff] with regard to any impairment described in question (9)," the ME stated "1995 to present." (AR at 577.) Even though the question requests the ME to provide the *names* or *identity* of "physician(s) or psychologist(s)" who "had a significant continuing relationship" with Plaintiff, the ME provided a time period. Thus, it does not appear that the ME understood or carefully read the question. Interestingly, in response to question 9, the ME wrote, "see over." (*Id.* at 576.) However, no explanation on any additional pages was provided. (*See generally id.* at 575-82.)

The Court also notes that, in response to interrogatory 14, the ME indicated he "did not see [the] state opinion," (AR at 577), even though the state agency opinions were included in Plaintiff's record. (*See id.* at 452-62, 465-66, 467.) This Court is unable to "assume," as Defendant urges, that the ME "was presented with the complete records and the ALJ's reliance on the opinion was proper." (Joint Stip. at 19.)

## VI.

## **REMAND IS APPROPRIATE**

This Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989, *as amended* Oct. 19, 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000, *as amended* May 4, 2000), *cert. denied*, 531 U.S. 1038 (2000). Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211

F.3d at 1179-80.

Here, remand is required because the ALJ failed to properly evaluate the medical evidence.

Because the Court concludes that the ALJ erred in adopting the ME's opinion in formulating Plaintiff's RFC, it does not reach Plaintiff's remaining contentions. (*See* Joint Stip. at 4-6, 8-9, 9-10, 14-15, 23-25, 28); *see also Hayes v. Astrue*, 270 Fed.Appx. 502, 505 (9th Cir. 2008). The ALJ shall reassess the medical opinions in the record and provide sufficient reasons under the applicable legal standard for rejecting any portion of the medical opinions. In addition, if necessary and to the extent the evidence is ambiguous, the ALJ shall obtain additional information and clarification regarding Plaintiff's mental and physical limitations during the period at issue.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: September 16, 2011

_____
Hon. Jay C. Gandhi
United States Magistrate Judge