1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

PAUL ULLOA,                                     )   Case No. CV 10-9867 JCG
                                                )
              Plaintiff,                        )
                                                )
        v.                                      )   **MEMORANDUM OPINION AND**
                                                )   **ORDER**
MICHAEL J. ASTRUE,                              )
COMMISIONER OF SOCIAL                           )
SECURITY ADMINISTRATION,                        )
                                                )
                                                )
              Defendant.                        )
                                                )

## I.

## INTRODUCTION AND SUMMARY

        On December 22, 2010, plaintiff Paul Ulloa ("Plaintiff") filed a complaint
against defendant Michael J. Astrue ("Defendant"), the Commissioner of the Social
Security Administration, seeking review of a denial of disability insurance benefits
("DIB").  [Docket No. 1.]

        On July 8, 2011, Defendant filed his answer, along with a certified copy of the
administrative record.  [Docket Nos. 9-12.]

        In sum, having carefully studied, *inter alia*, the parties' joint stipulation and
the administrative record, the Court concludes that, as detailed below, the
Administrative Law Judge ("ALJ") improperly evaluated the medical evidence.  The

1 Court thus remands this matter to the Commissioner in accordance with the

2 principles and instructions enunciated in this Memorandum Opinion and Order.

3                                             **II.**

4                 **PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

5          Plaintiff, who was 56 years old on the date of his administrative hearing, has

6 completed one year of college.  (*See* Administrative Record ("AR") at 20, 25, 97,

7 107.)

8          On February 24, 2006, Plaintiff filed for DIB, alleging that he has been

9 disabled since July 1, 1994 due to a back injury, anxiety, groin pain, hepatitis C, and

10 lymphoma.  (*See* AR at 67, 74, 87, 97, 101.)

11         On March 27, 2008, Plaintiff, represented by counsel, appeared and testified

12 at a hearing before an ALJ.  (*See* AR at 20-55.)  Subsequently, the ALJ submitted

13 interrogatories to Harvey Alpern, M.D., a medical expert ("ME").  (*See id.* at 182,

14 575-582.)

15         On July 24, 2008, the ALJ denied Plaintiff's request for benefits.  (AR at 615-

16 23.)  Applying the familiar five-step sequential evaluation process, the ALJ found, at

17 step one, that Plaintiff has not engaged in substantial gainful activity since his

18 alleged onset date through his date of last insured of September 30, 1999.  (*Id.* at

19 618.)

20         At step two, the ALJ found that Plaintiff suffers from severe impairments

21 consisting of "chronic pain syndrome, including inguinal post-operative pain

22 ("neuropathy"), low back pain, and hemorrhoids, with Vicodin use; granulomatous

23 liver and lymph node disease of unknown etiology; and hepatitis C."  (AR at 618

24 (emphasis omitted).)

25         At step three, the ALJ determined that the evidence did not demonstrate that

26 Plaintiff's impairments, either individually or in combination, meet or medically

27

28

1   equaled the severity of any listing set forth in the Social Security regulations.[1]/  (AR

2   at 619.)

3       The ALJ then assessed Plaintiff's residual functional capacity[2]/ ("RFC") and

4   determined that he could perform light work "except that he could occasionally

5   climb, balance, stoop, kneel, crouch, and crawl."  (AR at 620 (emphasis omitted).)

6       The ALJ found, at step four, that Plaintiff retained the ability to perform his

7   past relevant work as a typewriter servicer.  (AR at 622.)  Thus, the ALJ concluded

8   that Plaintiff was not suffering from a disability as defined by the Act.  (*Id.* at 616,

9   623.)

10      Plaintiff filed a timely request for review of the ALJ's decision, which was

11  denied by the Appeals Council.  (AR at 7-11, 83.)  The ALJ's decision stands as the

12  final decision of the Commissioner.

13                                    **III.**

14                          **STANDARD OF REVIEW**

15      This Court is empowered to review decisions by the Commissioner to deny

16  benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security

17  Administration must be upheld if they are free of legal error and supported by

18  substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as*

19  *amended* Dec. 21, 2001).  If the court, however, determines that the ALJ's findings

20  are based on legal error or are not supported by substantial evidence in the record,

21  the court may reject the findings and set aside the decision to deny benefits.

22

23      [1]/   *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

24

25      [2]/   Residual functional capacity is what a claimant can still do despite existing
    exertional and nonexertional limitations.  *Cooper v. Sullivan*, 880 F.2d 1152, 1155
26  n. 5 (9th Cir. 1989).  "Between steps three and four of the five-step evaluation, the
    ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's
27  residual functional capacity."  *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th
28  Cir. 2007).

1 | *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*,
2 | 242 F.3d 1144, 1147 (9th Cir. 2001).

3 | "Substantial evidence is more than a mere scintilla, but less than a
4 | preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant
5 | evidence which a reasonable person might accept as adequate to support a
6 | conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d
7 | at 459. To determine whether substantial evidence supports the ALJ's finding, the
8 | reviewing court must review the administrative record as a whole, "weighing both
9 | the evidence that supports and the evidence that detracts from the ALJ's
10 | conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed
11 | simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d
12 | at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the
13 | evidence can reasonably support either affirming or reversing the ALJ's decision,
14 | the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.*
15 | (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

16 | **IV.**

17 | **ISSUES PRESENTED**

18 | Four disputed issues are presented for decision here:

19 | 1.     whether the ALJ erred in his step-two evaluation, (*see* Joint Stip. at 4-6,
20 | 8-9);

21 | 2.     whether Plaintiff's impairments met or equaled a listing, (*id.* at 9-10,
22 | 14-15);

23 | 3.     whether the ALJ properly evaluated the medical evidence, (*id.* at 16-19,
24 | 23); and

25 | 4.     whether the ALJ properly evaluated Plaintiff's credibility. (*Id.* at 23-
26 | 25, 28.)

27 | Under the circumstances here, the Court finds the issue of the ALJ's
28 | evaluation of the medical evidence to be dispositive of this matter, and does not

4

1  reach the remaining issues.

2                                    **V.**

3                        **DISCUSSION AND ANALYSIS**

4          A.  Evaluation of the Medical Evidence

5          Plaintiff argues that the ALJ improperly "based his RFC assessment on the

6  ME's opinion" and improperly weighed the medical evidence.  (Joint Stip. at 16-17.)

7

8               1.    Standard

9          In evaluating medical opinions, Ninth Circuit case law and Social Security

10  regulations distinguish among the opinions of three types of physicians:

11          (1) those who treat the claimant (treating physicians);

12          (2) those who examine but do not treat the claimant (examining physicians);

13  and

14          (3) those who neither examine nor treat the claimant (non-examining

15  physicians).  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995, *as amended* April 9,

16  1996); *see also* 20 C.F.R. §§ 404.1527(d) & 416.927(d) (prescribing the respective

17  weight to be given the opinion of treating sources and examining sources).

18          "As a general rule, more weight should be given to the opinion of a treating

19  source than to the opinion of doctors who do not treat the claimant."  *Lester*, 81 F.3d

20  at 830; *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir.

21  2003).  This is so because a treating physician "is employed to cure and has a greater

22  opportunity to know and observe the patient as an individual."  *Sprague v. Bowen*,

23  812 F.2d 1226, 1230 (9th Cir. 1987).

24          Where the treating physician's "opinion is not contradicted by another doctor,

25  it may be rejected only for 'clear and convincing' reasons."  *Benton*, 331 F.3d at

26  1036; *see also Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("While the

27  ALJ may disregard the opinion of a treating physician, whether or not controverted,

28  the ALJ may reject an *uncontroverted* opinion of a treating physician only for clear

                                        5

1   and convincing reasons.") (italics in original).

2       "Even if the treating doctor's opinion is contradicted by another doctor, the

3   [ALJ] may not reject this opinion without providing specific and legitimate reasons

4   supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal

5   quotation marks and citation omitted); *accord Reddick*, 157 F.3d at 725.

6       The ALJ can meet the requisite specific and legitimate standard "by setting

7   out a detailed and thorough summary of the facts and conflicting clinical evidence,

8   stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881

9   F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

10             2.   <u>The ALJ Improperly Adopted the ME's Opinion</u>

11       Having carefully reviewed the record and the joint stipulation, the Court is

12   persuaded that the ALJ's evaluation of the medical evidence is not legally sufficient

13   and/or supported by substantial evidence.  Two reasons guide this determination.

14       First, in formulating Plaintiff's RFC, the ALJ adopted the opinion of the non-

15   examining and non-treating ME.  (AR at 620 ("I base my [RFC] assessment on the

16   opinion of the medical expert, Dr. Alpern[.]").)  While the ALJ indicated that the

17   ME's opinion is "consistent for the most part with the opinion of [Plaintiff's]

18   treating physician [Jesus Arenas, M.D. ("Dr. Arenas")] on May 3, 1994," (*id.*), the

19   ALJ also indicated he "doubt[ed]" Dr. Arenas' opinion and rejected it as

20   "inconsistent."  (*Id.* at 621.)  Given the ALJ's assessment of Dr. Arenas' opinion, the

21   ALJ illogically concluded that Dr. Arenas' unsupported opinion on May 3, 1994

22   should be entitled to greater weight.  (*See id.* at 356 (attending physician's statement,

23   dated May 3, 1994, indicating Plaintiff is "unable to do heavy or moderately heavy

24   lifting").)  Nor does the ALJ adequately explain why Dr. Arenas' opinion on one

25   specific occasion should be adopted in support of the ME's opinion.  (*See generally*

26   *id.* at 620-21.)  Accordingly, Court finds the ALJ's evaluation of Dr. Arenas'

27   opinion is not supported by substantial evidence.

28       Further, the ME's opinion standing alone, does not constitute "substantial"

1  evidence here.[3/]  *Erickson v. Shalala*, 9 F.3d 813, 818 n. 7 (9th Cir. 1993) ("the non-

2  examining physicians' conclusion, *with nothing more*, does not constitute substantial

3  evidence[]") (internal quotation marks, brackets and citation omitted) (italics in

4  original).

5        Second, assuming *arguendo* the ME's opinion was legally sufficient to

6  constitute substantial evidence, here, the ME's opinion is replete with errors.  While

7  the ALJ stated that the ME "gave a thorough explanation of his assessment," (AR at

8  620), a review of the ME's responses to the interrogatories demonstrates that he

9  incorrectly interpreted questions, provided unclear explanations, responded with

10  short and cursory answers, and left some questions blank.  (*See id.* at 575-82.)  For

11  instance, question number 23 asked:  "Might any of [Plaintiff's] impairments

12  improve or worsen in the future?  If so, which condition in what time period and to

13  what degree will there be improvement or worsening?"  (*Id.* at 579.)  The ME

14  responded simply with "likely."  (*Id.*)  The Court is unable to decipher whether the

15  ME's response "likely" was in regards to possible improvement or worsening of

16  Plaintiff's impairments, which impairments the ME is referring to, during what time

17  period the improvement or worsening would occur, and the degree of the

18  improvement or worsening opined by the ME.

19  

————————————————

20     [3/]   The Court notes that the ALJ rejected the opinion of Plaintiff's treating

21  physician Hemant D. Patel, M.D. ("Dr. Patel") because his opinion "does not cover a

22  twelve month period of time[.]"  (AR at 621.)  However, Dr. Patel submitted
treatment records spanning a period from 1994 through 1997, (*see id.* at 192-224),

23  and indicated that Plaintiff "is a well known patient of mine."  (*Id.* at 507.)  While

24  the Court finds Dr. Patel's notes mostly illegible, to the extent the ALJ found Dr.
Patel's records ambiguous, the ALJ should have developed the record to clarify the

25  ambiguity.  (*Id.* (letter, dated February 26, 1997, from Dr. Patel stating, "[i]f you

26  have any questions regarding my patient please feel free to contact the office")); *see*

27  *Mayes*, 276 F.3d at 459-60 (duty to develop record is triggered "when there is
ambiguous evidence or when the record is inadequate to allow for proper evaluation

28  of the evidence[]").

It does not end there.  In responding to question 12, which states, "[f]or the period at issue, which physician(s) or psychologist(s) had a significant continuing relationship, as opposed to only examining relationship, with [Plaintiff] with regard to any impairment described in question (9)," the ME stated "1995 to present."  (AR at 577.)  Even though the question requests the ME to provide the *names* or *identity* of "physician(s) or psychologist(s)" who "had a significant continuing relationship" with Plaintiff, the ME provided a time period.  Thus, it does not appear that the ME understood or carefully read the question.  Interestingly, in response to question 9, the ME wrote, "see over."  (*Id.* at 576.)  However, no explanation on any additional pages was provided.  (*See generally id.* at 575-82.)

The Court also notes that, in response to interrogatory 14, the ME indicated he "did not see [the] state opinion," (AR at 577), even though the state agency opinions were included in Plaintiff's record.  (*See id.* at 452-62, 465-66, 467.)  This Court is unable to "assume," as Defendant urges, that the ME "was presented with the complete records and the ALJ's reliance on the opinion was proper."  (Joint Stip. at 19.)

## VI.

## **REMAND IS APPROPRIATE**

This Court has discretion to remand or reverse and award benefits.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989, *as amended* Oct. 19, 1989).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000, *as amended* May 4, 2000), *cert. denied*, 531 U.S. 1038 (2000).  Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.  *See Benecke*, 379 F.3d at 595-96; *Harman*, 211

1    F.3d at 1179-80.

2         Here, remand is required because the ALJ failed to properly evaluate the

3    medical evidence.

4         Because the Court concludes that the ALJ erred in adopting the ME's opinion

5    in formulating Plaintiff's RFC, it does not reach Plaintiff's remaining contentions.

6    (*See* Joint Stip. at 4-6, 8-9,  9-10, 14-15, 23-25, 28); *see also Hayes v. Astrue*, 270

7    Fed.Appx. 502, 505 (9th Cir. 2008).  The ALJ shall reassess the medical opinions in

8    the record and provide sufficient reasons under the applicable legal standard for

9    rejecting any portion of the medical opinions.  In addition, if necessary and to the

10   extent the evidence is ambiguous, the ALJ shall obtain additional information and

11   clarification regarding Plaintiff's mental and physical limitations during the period at

12   issue.

13        Based on the foregoing, IT IS ORDERED THAT judgment shall be entered

14   **REVERSING** the decision of the Commissioner denying benefits and

15   **REMANDING** the matter for further administrative action consistent with this

16   decision.

17

18

19   Dated: September 16, 2011

20   _____

21                    Hon. Jay C. Gandhi
22                    United States Magistrate Judge

23

24

25

26

27

28

9